UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| PLAZA PARK BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:10-cv-00686-JRT-RLE |
| | ) | |
| MARTINA HALL; PLAZA PARK | ) | |
| BANK, as Personal Representative of | ) | |
| the Estate of Gregory Hall; INTERNAL | ) | |
| REVENUE SERVICE, an agency of the | ) | |
| Government of the United States of | ) | |
| America; JOHN DOE; MARY ROWE; | ) | |
| ABC PARTNERSHIP; and XYZ | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' ANSWER TO COMPLAINT

The United States answers Plaintiff's complaint as follows:

1.    The United States admits the allegations.

2.    The United States lacks knowledge sufficient to admit or deny the allegations.

3.    The United States lacks knowledge sufficient to admit or deny the allegations.

4.    The United States lacks knowledge sufficient to admit or deny the allegations.

5.    The United States admits that it has an interest in the Premises and that it has filed

notices of federal tax lien with the Stearns County Recorder on or about October

19, 2006.

6.    The United States lacks knowledge sufficient to admit or deny the allegations.

7.    The United States admits that a copy of a Note between Plaza Park Bank and

Gregory Hall and Martina Hall, dated October 6, 2006, in the amount of $554,000, is attached to the complaint as Exhibit A. The United States lacks knowledge sufficient to admit or deny the remaining allegations.

8.     The United States admits that a copy of a Mortgage between Plaza Park Bank and Gregory Hall and Martina Hall, dated October 6, 2006, in the amount of $554,000, is attached to the complaint as Exhibit B, and that this Mortgage was filed with the Stearns County Recorder on December 22, 2006.  The United States admits that the Mortgage provides that in the event of a foreclosure sale, the mortgagee shall be entitled, out of the sale proceeds, to pay costs and attorneys' fees as permitted by law. The United States denies that the Mortgage described in paragraph 8 constitutes a first lien on the Premises.

9.     The United States lacks knowledge sufficient to admit or deny the allegations.

10.    The United States lacks knowledge sufficient to admit or deny the allegations.

11.    The United States admits the allegations.

12.    Paragraph 12 contains a legal allegation which does not require a response by the United States.  To the extent that a response is required, the United States admits that the separate tract notice is attached and is accurately recited in paragraph 12, but denies any legal implication flowing therefrom.

13.    Paragraph 13 contains a legal allegation which does not require a response by the United States.  To the extent that a response is required, the United States admits

2

that the homestead notice is attached and is accurately recited in paragraph 13, but denies any legal implication flowing therefrom.

14.   The United States admits that the Mortgage provides that Plaza Park Bank may foreclosure its interest in the property in the event of a default. The United States lacks knowledge sufficient to admit or deny the remaining allegations.

15.   The United States denies the allegations.

16.   The United States lacks knowledge sufficient to admit or deny the allegations.

17.   The United States admits the allegations.

18.   The United States lacks knowledge sufficient to admit or deny the allegations.

19.   The United States lacks knowledge sufficient to admit or deny the allegations.

20.   The United States lacks knowledge sufficient to admit or deny the allegations.

21.   The United States lacks knowledge sufficient to admit or deny the allegations.

22.   The United States lacks knowledge sufficient to admit or deny the allegations.

23.   The United States admits that the Mortgage was filed with the Crow Wing County Recorder on October 26, 2006, and filed with the Stearns County Recorder on December 22, 2006. The United States lacks knowledge sufficient to admit or deny the remaining allegations.

24.   The United States admits that it filed two notices of federal tax lien with the Stearns County Recorder on or about October 19, 2006, in the amounts of $39,720.99 against Greg and Martina M. Hall and $61,829.04 against Greg Hall.

25.     The United States lacks knowledge sufficient to admit or deny the allegations.

26.     The United States lacks knowledge sufficient to admit or deny the allegations.

27.     The United States lacks knowledge sufficient to admit or deny the allegations.

28.     The United States denies the allegations.

29.     The United States denies the allegations.

30.     The United States denies the allegations.

31.     The United States denies the allegations.

WHEREFORE, the United States respectfully requests that the Court determine

that the federal tax liens have priority over Plaintiff's liens on the property, dismiss

Plaintiff's complaint in its entirety, and award to the United States its costs and fees and

grant such other and further relief as the Court deems just and proper.

Dated: April 8, 2010

B. TODD JONES
United States Attorney

s/ Daniel A. Applegate
DANIEL A. APPLEGATE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Answer has been made by the Court's CM/ECF system upon the following on this 8th day of April, 2010:

Gregory J. Haupert
Thomas G. Jovanovich
RAJKOWSKI HANSMEIER LTD.
11 Seventh Avenue North
P.O. Box 1433
St. Cloud, MN 56302

Michael J. Orme
Dana K. Nyquist
ORME & ASSOCIATES, LTD.
4040 Nicols Road
Eagan, MN 55122

*Counsel for Plaintiff*

    s/ Daniel A. Applegate
DANIEL A. APPLEGATE
Trial Attorney, Tax Division